# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

WILLIAM LARRY CHILDERS,   )
#278419,   )
   )   CIVIL ACTION NO. 9:14-4647-BHH-BM
   Petitioner,   )
   )
v.   )   **REPORT AND RECOMMENDATION**
   )
WARDEN OF LIEBER   )
CORRECTIONAL INST.,   )
   )
   Respondent.   )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed by Petitioner's counsel on December 8, 2014.

The Respondent filed a return and motion for summary judgment on March 24, 2015. After receiving extensions of time to respond, Petitioner filed a response in opposition on June 23, 2015. This matter is now before the Court for disposition.[1]

## Procedural History

Petitioner was indicted in Kershaw County in December 2000 for assault with intent to kill ("ABHAN") [Indictment No. 00-GS-28-32804], discharging a firearm into a dwelling [Indictment No. 00-GS-28-32805], and murder [Indictment No. 00-GS-28-32806]. (R.pp. 715-716). Petitioner was represented by W. Glenn Rogers, Esquire, and after a jury trial on September 18-20,

_____

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2001, was found guilty of murder, assault of a high and aggravated nature[2], and discharging a firearm into a dwelling.  (R.pp. 715-716).  Petitioner was sentenced to life imprisonment on the murder charge, ten (10) years, concurrent, for assault of a high and aggravated nature, and ten (10) years, concurrent, for discharging a firearm into a dwelling.  (R.pp. 726-727).

Petitioner filed a timely appeal.  He was represented on appeal by Assistant Appellate Defender Robert M. Dudek, of the Office of Appellate Defense, who raised the following issues:

> **Ground One**: Trial judge erred in refusing his request to relieve defense counsel based on counsel's prosecution of him in the past and counsel's previous representation of the victim's brother.
>
> **Ground Two:** Trial judge erred by declining to charge the jury on the law of voluntary manslaughter.

See State v. Childers, 595 S.E.2d 872, 874-876 (S.C.Ct.App. 2004).

On April 12, 2004, the South Carolina Court of Appeals affirmed Petitioner's convictions for ABHAN and discharging a firearm into a dwelling, but reversed and remanded Petitioner's conviction for murder due to trial error for the trial judge not charging the jury on voluntary manslaughter.  See State v. Childers, 595 S.E.2d 872 (R.pp. 728-732).

Petitioner appealed this decision, and in a petition for certiorari to the South Carolina Supreme Court dated August 20, 2004, raised the following issue:

> Whether the Court of Appeals erred by holding the trial judge did not abuse his discretion by denying [Petitioner's] request to relieve defense counsel Rogers where Rogers had prosecuted [Petitioner] in the past, where counsel had also represented the victim's brother, and where [Petitioner] was convinced counsel was not prepared for trial, since [Petitioner] affirmatively refused to waive the former prosecution conflict of interest, and [Petitioner] did not waive the representation of the victim's family conflict?

---

[2]Petitioner was found not guilty of assault with intent to kill, but found guilty on the lesser included charge of assault of a high and aggravated nature.  (R.p. 716).



See Court Docket No. 14-6, p. 4.

The State also filed a petition for certiorari dated October 13, 2004, raising the following issue:

> Whether the Court of Appeals erred by finding the trial judge incorrectly denied [Petitioner's] request for a voluntary manslaughter charge when the record shows there is no evidence of heat of passion?

See Court Docket No. 14-5, p. 4.

On October 19, 2005, the Supreme Court granted both parties petitions for a writ of certiorari to review the Court of Appeals' decision. See Court Docket No. 14-7. Thereafter, on April 23, 2007, the South Carolina Supreme Court affirmed, in part, and reversed, in part, the South Carolina Court of Appeals' decision and upheld all of Petitioner's convictions. See State v. Childers, 645 S.E.2d 233 (S.C. 2007) (R.pp. 733-740). On June 7, 2007, the South Carolina Supreme Court denied the Petitioner's motion for rehearing and issued the Remittitur. See State v. Childers, 645 S.E.2d 233 (S.C. 2007); see also Court Docket Nos. 14-10, 14-11 & 14-12.

Petitioner then filed a petition, dated September 5, 2007, for writ of certiorari in the Supreme Court of the United States, raising the issue:

> Whether Petitioner's Sixth Amendment right to counsel was violated where Petitioner was forced to go to trial on a murder charge, over his vehement objection, with an attorney who had prosecuted Petitioner in the past, since legal proceedings that appear fair to all is a legal institutional interest that the South Carolina Supreme Court failed to enforce?

See Court Docket No. 14-13, p. 2.

On November 13, 2007, the United States Supreme Court denied certiorari. See Childers v. South Carolina, 552 U.S. 1025 (2007).

On October 14, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Childers v. State of South Carolina, No. 2008-CP-28-1213; raising



the following issues:

> **Ground One:** Ineffective Assistance of Trial Counsel for failing to investigate or adequately prepare the case for trial, failing to assist Petitioner in obtaining access to the Court in a timely manner to request alternate counsel, failing to move for a continuance, failing to timely disclose a conflict of interest, failing to interview witnesses, failing to adequately conduct jury selection, and failing to make proper or timely objections at trial.

> **Ground Two:** Denial of Due Process and the Right to Effective Assistance of Counsel where trial counsel had previously represented the victim's brother and was operating under a conflict of interest.

(R.pp. 745-746).

Petitioner was represented in his APCR by Jeff Bloom, Esquire. The State filed a motion to dismiss the petition as untimely; (R.pp. 749-754); to which Petitioner's counsel objected and requested a hearing, arguing that if the time to file Petitioner's APCR did not start to run while Petitioner's petition for writ of certiorari was pending in the United States Supreme Court, then his PCR petition would be timely. (R.pp. 756-758).

On November 7, 2008 (dated November 3, 2008), a conditional order of dismissal was filed dismissing the matter as untimely. (R.pp. 762-767). After the Petitioner moved pursuant to Rule 59(E) for reconsideration, a hearing was held on the State's motion to dismiss Petitioner's application on December 18, 2008. (R.pp. 768-778, 780-809). In an order filed April 14, 2009 (dated April 8, 2009), the PCR judge denied the State's motion to dismiss on that basis; (R.pp. 817-823); and an evidentiary hearing was held on Petitioner's petition on April 16, 2010. (R.pp. 841-960). Petitioner's counsel filed a supplement memorandum in support of his APCR on July 15, 2010; (R.pp. 824-840); following which the PCR judge dismissed Petitioner's petition in its entirety by order filed on August 15, 2011 (dated August 12, 2011). (R.pp. 962-980). On September 1, 2011, Petitioner filed a motion to amend and/or alter. (R.pp. 981-1000). The PCR court held a hearing on

4



the motion on June 1, 2012. (R.pp. 1006-1056). The Court denied Plaintiff's motion on November 29, 2012. (R.p. 1057).

Petitioner then filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by David Alexander, Appellate Defender of the South Carolina Office of Appellate Defense, who raised the following issues on appeal:

> **Ground One:** Whether trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by representing Petitioner despite a conflict of interest, against Petitioner's wishes, failing to fully and timely raise these issues to the trial judge?

> **Ground Two:** Whether trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by failing to have evidence obtained from an illegal search suppressed?

> **Ground Three:** Whether trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by failing to prevent him from undermining his own credibility with the jury when he testified that he told the police that he needed to stop talking and get a lawyer?

See Court Docket No. 14-15, p. 3.

On November 7, 2014, the South Carolina Supreme Court denied Petitioner's writ of certiorari. See Court Docket No. 14-17. The Remittitur was sent down on November 25, 2014. See Court Docket No. 14-18.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel.

> **Supporting Facts:** Trial counsel failed[3] : 1) to investigate or adequately prepare the case for trial; 2) failed to assist Petitioner in obtaining access to the court in a timely

---

[3]In order to designate the sub-parts when discussing procedural bar issues, the undersigned has numbered the sub-parts for clarification.



manner to request alternate counsel when he knew Petitioner wished to do so but was incarcerated up to trial; 3) failed to move for a continuance in writing at all, and only orally after case began; 4) failed to object to jury seeing Petitioner in body armor in trial; 5) failed to adequately advise/appear in psych exam; 6) failed to properly conduct jury selection including striking white female jurors which elicited a Batson motion that the Court did not hear; and 7) failed to interview any witnesses or to meet with Petitioner to prepare a defense strategy.

**Ground Two:** Undisclosed conflict of interest as to prior representation by trial counsel Rogers of State key witness and the brother of the victim as to sealed juvenile matter.

**Supporting Facts:** Public Defender Rogers failed to disclose a conflict of interest of prior representation of the brother of the victim who was a key state witness until after jury selection. Rogers knew the victim's family and had represented her younger brother a few years prior in a sealed juvenile matter. No effort was ever made to have this witness' record unsealed in order to assess whether his credibility was effected, and this prior Client of the Petitioner's trial counsel, cause the Petitioner harm as this witness was a key witness of the prosecution at trial and his testimony was used at trial to bolster the State's attempt to label the Petitioner's behavior on the day and night of the events in controversy, as that of a stalker in order to inflame the jury and to make it less likely that the Petitioner's testimony would be found credible as to his version of the events at trial, on appeal, and at PCR.

**Ground Three:** The trial court properly ruled to exclude a pair of boots that were obtained without a search warrant and then allowed the State to admit the boots into evidence.

**Supporting Facts:** At Petitioner's trial, an Officer who testified, David Thomley testified that he seized hiking boots from Petitioner's feet when he was arrested. In later testimony, Thomley admitted that he and an Officer Eric Tisdale went to Petitioner's home and removed items without a search warrant. Officer Tisdale also admitted at trial that they searched Childers' home without consent, without warrant, and seized items including the boots. Earlier in trial, and without objection by Mr. Rogers, the State successfully admitted photographs of boot prints at scene through another officer, Kirk Corley. Corley was not an expert, nor qualified as an expert, but testified without objection, and no suppression motion, that the boot prints at scene were similar to the boots that were excluded.

<u>See</u> <u>Petition</u>, pp. 6, 8-9.

## **Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers



to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Respondent initially contends that all of the issues raised in this petition are procedurally barred.  Since various issues were defaulted at different levels, the undersigned has dismissed the Grounds raised in this Petition, including the sub-parts, based upon how and where they were presented to the state courts, if at all.

First, in Ground One, although sub-part one (trial counsel failed to investigate or adequately prepare the case for trial), sub-part two (trial counsel failed to assist Petitioner in obtaining access to the court in a timely manner to request alternate counsel when he knew Petitioner wished to do so but was incarcerated up to trial), and sub-part 7 (trial counsel failed to interview any witnesses or to meet with Petitioner to prepare a defense strategy), were raised in Petitioner's PCR petition and addressed by the PCR court, they were not raised in Petitioner's PCR appeal.[4]  Ground

---

[4]Respondent also contends that Ground One sub-part 3 (trial counsel failed to move for a continuance in writing at all, and only orally after case began regarding the alleged conflict of
(continued...)



One subpart 4 (trial counsel failed to object to jury seeing Petitioner in body armor in trial) and subpart 5 (trial counsel failed to adequately advise/appear in psych exam) were not raised in Petitioner's PCR proceedings. Finally, with regard to Ground One sub-part 6 (trial counsel failed to properly conduct jury selection including striking white female jurors which elicited a Batson motion that the Court did not hear), although that issue was originally raised in Petitioner's PCR petition, it was not ruled on by the PCR Court, and was not raised in Petitioner's PCR appeal.

In Ground Two, Petitioner asserts an undisclosed conflict of interest with respect to his trial counsel's previous representation in a sealed juvenile matter of Tim Staples, a key witness for the State and the brother of the victim. To the extent that this issue was included in Petitioner's direct appeal as an error by the trial court, the South Carolina Court of Appeals found that portion of the issue regarding a conflict due to counsel's prior representation of the victim's brother was procedurally barred. Specifically, the Court of Appeals held that although trial counsel mentioned that he had previously done some work for the victim's brother approximately six (6) years earlier, the trial judge did not rule on whether this was a conflict. Rather, the Court of Appeals held, that at trial Petitioner only requested that his counsel be removed because he had previously prosecuted the Petitioner and because of Petitioner's perception that his counsel had not met with him enough. See Childers, 595 S.E.2d at 620 & n. 2. Based on this case history, to the extent that Petitioner has

---

[4](...continued)

interest) was only pursued in this same posture. However, in Ground One of Petitioner's PCR appeal, he raises a similar ineffective assistance of counsel claim with regard to at least part of the claim presented in sub-part 3 regarding this alleged conflict (specifically, his challenge to not timely raising this issue to the trial judge). As such, giving Petitioner the benefit of the doubt, the undersigned has construed the sub-part 3 of Ground One in this Petition as Ground One presented in his PCR appeal. However, to the extent Petitioner intended to present a different claim in sub-part 3 from the issue in his PCR appeal, then the undersigned agrees with the Respondent that that claim would be procedurally barred. See discussion, infra.



attempted to raise the same ineffective assistance of counsel claim presented in his PCR appeal, the undersigned has discussed that claim on the merits as part of the discussion of Ground One subpart 3. <u>See</u> discussion, <u>supra</u>.  However, other than as raised in Petitioner's PCR appeal and discussed in Ground One, subpart 3, Ground Two was not presented to the state courts and properly pursued, and is therefore defaulted.

In Ground Three, Petitioner raises a trial court error issue regarding evidentiary rulings concerning a pair of hiking boots.  This is a direct appeal issue that was not presented in Petitioner's direct appeal.[5]  <u>See</u> <u>Childers</u>, 595 S.E.2d at 874-876; S.C.CodeAnn. § 17-27-20(b).  Therefore, this claim is also defaulted.  <u>Prieto v. Zook</u>, 791 F.3d 465, 468-469 (4th Cir. 2015) [Non-jurisdictional issue that could have been raised on direct appeal but was not is defaulted from federal habeas review].

Accordingly, with the exception of Ground One sub-part 3 and Ground Two[6], Petitioner's claims were not properly raised and pursued in state court.  <u>State v. Powers</u>, 501 S.E.2d 116, 118 (S.C. 1998); <u>see</u> <u>White v. Burtt</u>, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5,

---

[5]Although Petitioner raised a PCR ineffective assistance of counsel claim with respect to the admission of the boots, that is not the same issue raised in Ground Three of this Petition, which alleges error on the part of the trial court. <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert, denied</u>, 528 U.S. 959 (1999)"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.] (quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir.1995) (quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir.1994)).  Although this important distinction was pointed out in Respondent's motion for summary judgment, it was not addressed by the Petitioner in his response brief.

[6]As previously noted, those claims have only been considered properly pursued to the extent that they are being raised on the same basis as presented and properly pursued in the state courts.  <u>See</u> Court Docket No. 14-15, p. 3; <u>Childers</u>, 595 S.E.2d at 872; <u>see</u> <u>also</u> Court Docket No. 14-6, p. 4; <u>Childers</u>, 645 S.E.2d at 233.



2007)(citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); <u>cf.</u> <u>Cudd v. Ozmint</u>, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; <u>State v. Dunbar</u>, 587 S.E.2d 691, 693-694 (S.C. 2003)["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."]; <u>Miller v. Padula</u>, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); <u>Sullivan v. Padula</u>, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; <u>see</u> <u>also</u> <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; <u>Wicker v. State</u>, 425 S.E.2d 25, 26 (S.C. 1992).

Because Petitioner did not properly raise and preserve these issues in either his APCR proceedings or by way of a direct appeal, they are barred from further state collateral review; <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the



10

claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state courts, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner acknowledges Respondent's argument that all of his issues are procedurally barred; however, instead of citing to any "cause" in an attempt to justify his procedural default of these issues (except possibly as to his ineffective assistance of counsel claim concerning body armor), Petitioner instead argues the merits of these claims and appears to somewhat present a "miscarriage of justice" argument based on certain alleged questions concerning Petitioner's trial counsel. See



Petitioner's Brief in Opposition to Summary Judgment, p. 6. However, while that type of argument may go to the prejudice prong or the miscarriage of justice analysis under Coleman, it does not satisfy the "cause" requirement of the cause and prejudice test. Therefore, Petitioner has failed to show cause for his procedural default on Ground One sub-parts 1-2 and 5-7, the remaining portion of Ground Two, and Ground Three, and these issues are procedurally barred from consideration by this Court on that basis.[7] Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

With regard to the body armor claim (Ground One subpart 4), Petitioner states that "no legal counsel for Petitioner having raised this issue in the past on appeal are the type of substantial issues that the United States Supreme Court have specifically allowed to be brought to the federal court's attention pursuant to the ruling in Martinez v. Ryan, 132 S.Ct. 1309 (2012)."[8] See Petitioner's Brief in Opposition to Summary Judgment, p. 8. Although far from clear, Petitioner appears to be asserting ineffective assistance of PCR counsel as cause for his procedural default on Ground One sub-part 4 (ineffective assistance of trial counsel for allowing the Petitioner to be seen in full body armor), because PCR counsel did not raise this claim in his PCR proceedings. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the

---

[7]This same finding applies to any issues in Ground One sub-part 3 and Ground Two that were not presented in Petitioner's Ground One in his PCR appeal.

[8]Although Petitioner uses the language "[i]ssues such as the body armor" and "the type of substantial issues" under Martinez, he does not mention any other specific issue that he may be referring to, and the Court cannot guess which other issue or issues he may be referring to, if any, where no arguments are set forth to establish the necessary cause as to any other potential issues.



State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray</u>, 477 U.S. at 488; <u>see</u> <u>also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause <u>per</u> <u>se</u> in the procedural default context"]; <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932 (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). However, in <u>Martinez</u> the Supreme Court did carve out a "narrow exception" that modified



"the unqualified statement in <u>Coleman</u> that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." <u>Martinez</u>, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." <u>Id.</u> at ____, 132 S.Ct. at 1317.

Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. <u>Id.</u> at ____, 132 S.Ct. at 1316, 1317. But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review. <u>Id.</u> at ___, 132 S.Ct. at 1317-1318. That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." <u>Id.</u> at ___, 132 S.Ct. at 1318.

Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were <u>Coleman</u> read broadly) deprive a defendant of any review of that claim at all. <u>Martinez</u>, <u>supr a</u> at ___, 132 S.Ct. at 1316.

We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>see also</u> <u>Gray v. Pearson</u>, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. <u>Coleman</u>, 501 U.S. at 757. The Court established an exception to that rule in <u>Martinez</u>."]



Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for his default has been considered hereinbelow under the revised standard of Martinez and Trevino.   Under the first requirement of the Martinez exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."  Gray, 2013 WL  2451083 at * 2.  Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel in his APCR if it had been raised.  Secondly, Petitioner must then show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising this claim.  Ford v. McCall, No. 12-2266, 2013 WL 4434389 at  *11  (D.S.C. Aug. 14, 2013)(citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012)["The application of the Strickland[9] test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.  This standard is a high one."].  For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under this standard with respect to  PCR counsel.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the

---

[9]Strickland v Washington, 466 U.S. 694 (1984).



trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. 694.  In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir. 1996).  As discussed hereinbelow, Petitioner has failed to meet his burden of showing that his trial counsel was ineffective under this standard.  <u>Smith v North Carolina</u>, 528 F.2d 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  Therefore, Petitioner has failed to show any substantial claim in order to overcome his procedural bar; <u>Gray</u>, 2013 WL  2451083 at * 2; and as a result of this finding, any claim of ineffectiveness of PCR counsel also fails.  <u>Trevino</u>, 133 S.Ct. at 1917-1918.

Petitioner contends that he was present in front of the jury in body armor without objection from his trial counsel for approximately one and one-half days prior to the matter being brought to the trial judge's attention.  The record reflects that at trial, defense counsel Rogers brought up (outside the presence of the jury and family members) the issue of Petitioner not liking having to wear body armor.  The trial judge asked the jury and all the family members for both sides to step outside so he could address the matter.  (R.p. 188).  After everyone exited, the following exchange took place:

> <u>The Court</u>: All right, Mr. Childers, apparently you have on body armor and you don't like it?



<u>Mr. Childers</u>: Right.

<u>The Court</u>: Well, I don't know anything about why it transpired that you have it on, but law enforcement apparently feels you are at some risk.

I am willing, without having a big hearing on it, to make this compromise: you can have it off while you are in here because everybody is screened before they come in.

<u>Mr. Childers</u>: That's what I am asking.

<u>The Court</u>: But then any time you leave the courtroom you have to put it back on.

<u>Mr. Childers</u>: That's what I am asking.

<u>The Court</u>: So when we break we will tell everybody to vacate and you can put it on, or you can put it on back behind there, or whatever, before you go out in the halls or anywhere.

<u>Mr. Childers</u>: All right, sir.

* * * *

<u>The Court</u>: But y'all can take him right back there and take that off now if he is too hot.

(R.pp. 188-189).

Petitioner has failed to show ineffective assistance of counsel based on this record. First, it is not even clear if the body armor at issue was visible or was hidden from view underneath Petitioner's clothes, since the trial judge stated at the outset that "apparently you have on body armor". Hence, it appears that not even the judge could tell from viewing the Petitioner that he was wearing body armor. (R.p. 188). The transcript also seems to indicate that the reason Petitioner wanted to take off the body armor was because he was hot, not because of any prejudice issues arising from his having to wear armor in front of the jury.[10]  As such, Petitioner has not shown how his

---

[10]Based upon this exchange, it also appears that the body armor may have been for Petitioner's
(continued...)



counsel was "deficient" in not having brought this matter to the Court's attention earlier, or how he was prejudiced by wearing body armor which was apparently not even in plain view.[11] Petitioner also has not shown that the outcome of his trial would have been different if he had not worn the body armor for the first part of the prosecution's case, as the evidence at trial included testimony from eye witnesses to the murder who all knew the Petitioner, saw him shoot the victim, and identified him. See Childers, 645 S.E.2d at 234-235.

Since Petitioner has failed to demonstrate that this claim is a "substantial one", he has also failed to show that his PCR counsel was ineffective for failing to raise it in his APCR. Gray, 2013 WL 2451083, at * 2; Ford, 2013 WL 4434389, at * 11. Therefore, he has failed to show cause for his default of this claim, and it should be dismissed. Trevino, 133 S.Ct. at 1917-1918; see also Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Rodriguez, 906 F.2d at 1159 ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the

---

[10](...continued)
own protection, since the judge mentions that it will be okay to remove it due to everyone being screened before they come into the courtroom. (R.p. 189).

[11]Petitioner provided no evidence on this issue, nor did Petitioner even argue what type of evidence would be available to show prejudice from the circumstances surrounding this issue.



criminal charges on which he was found guilty.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; <u>Doe</u>, 391 F.3d at 161 (quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim).  Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered.  <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>cf.</u> <u>Prieto</u>, 791 F.3d at 472-473 [Even in a habeas case where the petitioner is challenging his death sentence, the Fourth Circuit has emphasized the fundamental miscarriage of justice exception imposes a demanding burden and provides relief only in extraordinary circumstances]; <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, all Grounds (except for a portion of Ground One subpart 3 and a portion of Ground Two) for relief asserted by Petitioner in this habeas petition are procedurally barred from consideration by this Court.

## II.

With regard to Petitioner's claim in Ground One subpart 3 and Ground Two, the only issue properly preserved for review by this Court in those grounds is the issue presented in Ground One of his PCR appeal. In Ground One of Petitioner's PCR appeal, he alleged that trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by representing

19



Petitioner despite a conflict of interest, against Petitioner's wishes, and by failing to fully and timely raise these issues to the trial judge.  <u>See</u> Court Docket No. 14-15, p. 3.  Petitioner had also raised this issue in his APCR when it was before the State Circuit Court.  <u>See</u> <u>Childers v. State of South Carolina</u>, No. 2008-CP-28-1213.  Specifically, Petitioner alleged that his counsel was ineffective due to a conflict of interest where counsel had previously represented Tim Staples and where counsel had prosecuted Petitioner approximately ten (10) years prior to the trial on the current charges.  (R.pp. 825, 830-831, 968).  The issue was raised in Petitioner's APCR as an ineffective assistance of counsel claim and a due process violation; (R.pp. 826-827); and was also addressed by Petitioner in his motion to reconsider the PCR court's order.  (R.pp. 992-995).  Petitioner had the burden of proving the allegations in his PCR petition.  <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986).

The PCR judge made certain findings in Petitioner's PCR proceeding which bear on these claims[12].  Specifically, the PCR judge found that: 1) Petitioner testified that he inquired into getting another lawyer because trial counsel had prosecuted him and had represented the brother of the murder victim (who was also one of the eye-witnesses who put Petitioner at the murder scene); 2) Petitioner claimed that he was locked up with trial counsel when trial counsel was arrested for a drinking offense; 3) Petitioner claimed that trial counsel never had him brought to court so he could request another attorney; 4) Petitioner explained that his first opportunity to ask for a new attorney was the day of the trial;

5) Petitioner's counsel testified that there was no identification issues because the

---

[12]Since Petitioner procedurally defaulted on the majority of his claims presented in his PCR proceeding, the undersigned has only set forth hereinabove the PCR factual findings relevant to the claims being addressed in this petition.



victims/witnesses knew the Petitioner by sight; 6) counsel explained that he informed the Petitioner and the Court that in his previous work as an attorney he had represented the victim's brother many years ago in a juvenile matter; 7) counsel explained that he did not think that there was a conflict regarding the victim's brother, although he did present the issue to the trial court as Petitioner's request; 8) counsel admitted that he wanted a continuance, but did not file a written motion; 9) at the PCR hearing, the victim's brother was present and the issue of Petitioner's trial counsel's former representation of him came up; 10) counsel explained that it was a juvenile matter and that confidentiality/sealed family court procedure issues still applied; 11) the victim's brother told the Court that he was not willing to waive any confidentiality;

12) Petitioner's testimony was not credible when he claimed that he and counsel never reviewed discovery materials, that he was unaware that the murder charge carried thirty (30) years, and that he was interested in pleading guilty; 13) the Court did not agree with Petitioner's blanket assertion that, simply because trial counsel had represented the victim's brother in the past [six years prior to trial], there was a de facto conflict of interest and denial of due process; 14) while counsel indicated that there were issues of confidentiality that still existed, there was no demonstration of impartiality or any lack of loyalty with respect to counsel's representation of the Petitioner; 15) Petitioner admitted that he shot the victim; 16) the only defense Petitioner claimed was that he shot at an assailant who was shooting at him and inadvertently shot the victim in the back of the head twice at "intermediate range"; 17) Petitioner's defense was factually deficient because of the lack of credible evidence (via witnesses or crime scene analysis) that there was another shooter; 18) because there was no demonstration of prejudice, the PCR Court denied relief and did so without having to analyze whether trial counsel's performance was deficient; 19) except as discussed in the PCR order,



Petitioner failed to raise the remaining allegations set forth in his petition at the hearing and, thereby, waived them; 20) as to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in the Court's order, the Petitioner failed to present any probative evidence regarding such allegations; 21) accordingly, Petitioner waived such allegations and failed to meet his burden of proof regarding them; and 22) Petitioner's failure to address these issues at the hearing indicated a voluntary and intentional relinquishment of his right to do so.  (R.pp. 969-980).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, with regard to ineffective assistance of



22

counsel claims that are adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims with regard to any factual findings related to these claims.

As previously discussed, where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. Specifically, Petitioner must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Petitioner has failed to meet his burden of showing that his trial counsel was ineffective under this standard. <u>Smith</u>, 528 F.2d 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

At the PCR hearing, Petitioner testified that on June 28, 2001, after he had been in jail approximately nine (9) months, he found out that his earlier counsel had been relieved and that Rogers had been appointed as his trial counsel. (R.pp. 849-850). Petitioner's case was then called



to trial on September 18, 2001, and he testified that his counsel only met with him once or twice during the time period prior to trial, and also attended a mental examination with him. (R.pp. 850-851). Petitioner testified that during one of the jail visits, he asked counsel about getting another attorney and counsel told him that he would have to go before the judge. (R.p. 851). Petitioner testified that he had asked his counsel about getting another counsel because his trial counsel had been a solicitor in the past and had prosecuted him, that trial counsel also told him that he had done work for the victim's family, and that trial counsel had been locked up in jail while the Petitioner was there on something related to drinking. (R.pp. 851-852). Despite his requests, however, Petitioner testified that his counsel never arranged for him to get in front of the judge to make the request until the time of his trial. (R.pp. 852-853). Petitioner asked the Court for another counsel at that time, but the trial judge denied his request. (R.pp. 853-854); see also (R.pp. 93-97).

Petitioner's counsel testified at the PCR hearing that all of the witnesses to the murder knew the Petitioner, knew his voice, knew him personally, and what occurred happened in front of these witnesses. (R.p. 881). Therefore, it was a matter of Petitioner's word against the witnesses' testimony. (R.p. 881). With regard to trial counsel's prior prosecution of the Petitioner, counsel testified that he had no memory of that case. (R.p. 901). Rather, trial counsel testified that he only realized the possibility when he saw Petitioner's rap sheet included a conviction in Kershaw County at a time when he was, other than the elected Solicitor for Kershaw County, the sole prosecuting attorney. (R.p. 901). Therefore, counsel pulled the Petitioner's sentencing sheet and discovered his name was on it. (R.p. 901). Due to that discovery, counsel disclosed to the Court the potential conflict. (R.p. 901). When asked if he was biased based on previously being a prosecutor in a case against the Petitioner, counsel responded "[o]f course not." (R.p. 884). Counsel also testified that



as soon as he saw Tim Staples' name on the witness list, that he notified the Petitioner that he had previously, relatively briefly, represented that individual, who was twelve (12) years old at the time, which had occurred several years before in a confidential juvenile matter. (R.pp. 885, 901). Counsel testified that no one seemed to have a problem with it at the time, while the trial judge did not see any kind of conflict. (R.p. 885).

The PCR Court found no ineffective assistance due to any conflict, and that there had been "no demonstration of impartiality (sic) or any lack of loyalty toward's counsel's representation of the [Petitioner]. (R.pp. 976-977). The undersigned can discern no reversible error in this finding. Evans, 220 F.3d at 312. "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance" of counsel. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). "[T]he Sullivan standard is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect. An 'actual conflict' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." Mickens v. Taylor, 535 U.S. 162, 172 n. 5 (2002). No "actual conflict" has been shown in this case.

Additionally, with regard to trial counsel previously representing Staples in a previous matter, Petitioner has not shown any prejudice. During Staples' testimony at trial, Petitioner's counsel objected to hearsay, raised the issue of the reference to a prior bad act by the Petitioner in order to have the Court order to redact it before the jury heard it, and cross-examined him and pointed out issues with lighting and that Staples was unable to tell the 911 operator what clothing Petitioner was wearing. (R.p. 183, 186-187, 196-198, 202-203). Russell v. Lynaugh, 892 F.2d 1205, 1214 (5th Cir. 1989), cert. denied, 501 U.S. 1259, rehearing denied, 501 U.S. 1277 (1991)[finding no conflict



of interest where there was "no evidence that the lawyer representing [the witness] on any active matter; nor is there any evidence he questioned [the witness] any less aggressively as a result of the alleged representation than he otherwise would have done."]; Simmons v. Lockhart, 915 F.2d 372, 378 (8th Cir. 1990)[in finding lack of prejudice in a conflict-of-interest situation: "We have studied the transcript of the trial, with particular reference to counsel's cross-examination of the witness [ ], and we are unable to fault that effort at discrediting [the witness] and his testimony"]; Wright v. Smith, 348 Fed.Appx. 612, 613 (2d Cir. 2009)[noting counsel's "uninhibited cross-examination" of the witness, and finding "the record does not support the contention that counsel failed to represent Wright to the best of his ability because of any prior representation"].  As such, Petitioner has not shown that he was prejudiced by his trial counsel due to his counsel's prior representation of Staples for a brief period several years prior to Petitioner's trial.

With regard to Petitioner's claim that his counsel had a conflict of interest where counsel had previously prosecuted him, the South Carolina Court of Appeals addressed  this issue and found it without merit,[13] holding that, "[i]n this case, aside from the fact that defense counsel had prosecuted Childers ten years earlier, there was no showing of any competing loyalties or actual conflict." Childers, 595 S.E.2d at 875.  The South Carolina Court of Appeals also specifically found that Petitioner showed no prejudice due to this alleged conflict.  Id.  This issue was also considered by the South Carolina Supreme Court and found to be without merit; Childers, 645 S.E.2d at 235; and Petitioner has not shown that the state court findings on this issue were in error. See State v. Gregory, 612 S.E.2d 449, 450 (S.C. 2005)["An actual conflict of interest occurs where an attorney owes a duty

---

[13]This issue was raised in Petitioner's direct appeal in a different posture.  However, the appellate court's findings specifically dealt with whether a conflict of interest and any prejudice existed.



to a party whose interests are adverse to the defendant's]; see also People v. Abar, 736 N.Y.S.2d 155 (N.Y.App.Div. 2002)[finding there was no conflict of interest where defendant's public defender had previously prosecuted him on unrelated charges when she was employed as an assistant district attorney]; State v. Cobbs, 221 Wis.2d 101, 107-108, 584 N.W.2d 709, 711-712 (1998)[concluding there was no actual or serious potential conflict where defendant's counsel had previously prosecuted defendant's counsel while working in the district attorney's office]. In this case, Petitioner's trial counsel did not even remember that he had previously prosecuted Petitioner. Petitioner has not shown any conflict of interest in his counsel representing him on these unrelated charges.

Based on the foregoing, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, this claim is without merit and Ground One subpart 3 and Ground 2 should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

