UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Larry Childers, Jr., | Civil Action No.: 9:14-4647-BHH |
| Petitioner, | |
| vs. | |
| | **Opinion and Order** |
| Warden of Lieber Correctional Institution, | |
| Respondent. | |

Petitioner, William Larry Childers, Jr., ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Marchant recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 26.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On September 16, 2015, the Magistrate Judge issued a Report; and on February 27, 2016, Petitioner filed his Objections.[1] (ECF No. 42.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

---

[1] Petitioner's counsel requested and received seven extensions of time to file objections to the Report.

The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Grounds One (1), (2), (4) – (7) and Three are procedurally barred and the Court agrees. In his thorough twenty-nine-page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had not demonstrated prejudice. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1318–21 (2012);

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

*Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of these claims and, therefore, is unable to review Grounds One (1), (2), (4) – (7) and Three under § 2254.

The Court further agrees with the Magistrate Judge's finding that Grounds One (3) and Two fail on their merits. These claims allege ineffective assistance of trial counsel. (ECF No. 1 at 6–8.) The Magistrate Judge thoroughly discussed the state court's treatment of these claims and correctly concluded that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 26 at 19–27.)

Petitioner raises four specific objections to the Report, which the Court has reviewed *de novo*.[3] He first objects that "[t]he Magistrate Judge unreasonably applied *Strickland* . . . in rejecting [Petitioner's] ineffective assistance of counsel claim." (ECF No. 42 at 3.) Relatedly, he also objects that the Magistrate Judge "applied *Strickland* . . . incorrectly in finding that the majority of [Petitioner's] claims were procedurally defaulted." (*Id.*) In support, Petitioner very briefly argues that "*Strickland* does not require that a [p]etitioner's outcome be different with certainty, but only that the Court's confidence in the outcome be undermined." (*Id.* at 4.) However, he does not point to any specific errors in the Report and fails to explain how the Magistrate Judge misapplied *Strickland* to his claims. Contrary to Petitioner's assertions, the Magistrate Judge never required "certainty" in reference to *Strickland*; rather he correctly found that for

---

[3] Petitioner did not file these objections *pro se*, and, therefore, the Court does not afford them any liberal construction. *Cf. De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Petitioner to overcome procedural default of his claims under the *Martinez* exception, Petitioner "must show that there is a reasonable probability that he would have received relief on his ineffective assistance of trial counsel in his [post conviction proceeding] if it had been raised. . . . Petitioner must then show that his PCR [post-conviction relief] counsel's representation was objectively unreasonable during his post-conviction proceedings for not raising this claim." (ECF No. 26 at 15.) The Court finds that the Magistrate Judge correctly applied *Strickland* to analyze the merits of Petitioner's remaining ineffective assistance of counsel claims and overrules these objections (*Id.* at 19–27.)

Petitioner next objects that the Report "ignores the crux of [Petitioner's] Sixth Amendment claim to ineffective assistance of counsel in that court-appointed trial counsel was disciplined due to misconduct and is no longer allowed to practice law." (ECF No. 42 at 5.) Petitioner asserts that his trial counsel is "no longer allowed to practice law due to his actions or inactions that [a]ffected the public and his clients." (*Id.*) He claims that this allegation is "the crux of [his] 6th and 14th Amendment claims of his habeas corpus petition." (*Id.*) Petitioner appears to assert that in failing to address this allegation, the Magistrate Judge avoided "addressing or even considering the possibility that trial counsel was ineffective." (*Id.* at 7.) However, Petitioner's grounds for relief as set out in his petition do not mention trial counsel's alleged suspension from the South Carolina Bar. Thus, there was no reason for the Magistrate Judge to discuss this allegation. Indeed, as discussed above, the Magistrate Judge properly addressed Petitioner's allegations of ineffective assistance of counsel as raised in his petition.

Petitioner further argues that trial counsel's alleged disbarment renders his testimony at the PCR proceedings automatically suspect. (*Id.* at 7–9.) Petitioner claims that the Magistrate Judge therefore "wrongly evaluated" the material facts by relying on "the self-serving testimony of [trial counsel]." (*Id.* at 8.) Here, it appears Petitioner is referring to the Magistrate's analysis of the merits of Grounds One (3) and Two. Ground One (3) alleges that trial counsel "failed to move for a continuance in writing at all, and only orally after case began." (ECF No. 1 at 16.) Ground Two alleges an undisclosed conflict of interest with respect to trial counsel's previous representation in a sealed juvenile matter of Tim Staples ("Staples"), a key witness for the State and the brother of the victim. (*Id.* at 8.)

The Magistrate Judge thoughtfully and thoroughly discussed these claims, first noting the PCR court's relevant findings and then conducting an independent *Strickland* analysis. (ECF No. 26 at 19–27.) He correctly recounted both Petitioner's and trial counsel's testimony at the PCR proceedings and the PCR court's interpretation of that testimony. (*Id.* at 23–25.) The Magistrate Judge then correctly found "no reversible error" in the PCR court's finding that there was "no ineffective assistance due to any conflict, and that there had been no demonstration of impartiality or any lack of loyalty towards counsel's representation of the Petitioner." (*Id.* at 25.) He further found that Petitioner had failed to show any prejudice with regard "to his counsel's prior representation of Staples for a brief period several years prior to Petitioner's trial." (*Id.* at 24–25.) Finally, the Magistrate Judge determined that Petitioner had failed to show any conflict of interest in his trial counsel's prior prosecution of Petitioner on unrelated charges ten years earlier. (*Id.* at 26–27.)

In sum, the Court cannot find any basis for Petitioner's argument that the Magistrate Judge "wrongly evaluated" the merits of his ineffective assistance of counsel claims. The Magistrate Judge laid out the testimony as it was stated in the PCR proceedings and correctly afforded the appropriate deference to the PCR court's findings based on that testimony. Petitioner has not offered any compelling argument that trial counsel's alleged disbarment is related in any way to Petitioner's case. This allegation had no bearing on the PCR court's findings or the Magistrate Judge's evaluation of the merits of Grounds One (3) and Two. This objection is therefore overruled.

Finally, Petitioner objects that "without limited discovery and [an] evidentiary hearing[,] it is premature for the court to make a ruling on [Petitioner's] claims." (ECF No. 42 at 9.) Specifically, he claims that limited discovery and an evidentiary hearing are needed "to allow Petitioner to show how evidence sought will raise a genuine issue of material fact." (*Id.*) The additional discovery would purportedly include "affidavit or deposition testimony" to explain Petitioner's "own prior testimony that has been confused." (*Id.*) For example, in reference to his body armor claim,[4] Petitioner asserts that he "and his sister would [] both testify that the trial courtroom was packed for the entire time from jury selection to verdict and sentencing" with "prominent local attorneys," "local police officers[,] and members of law enforcement . . . seated prominently on display." (*Id.* at 10.) Petitioner also argues that more discovery is needed regarding trial counsel's prior representation of Staples, specifically, "the nature and

---

[4] Ground One (4) alleges ineffective assistance of counsel for allowing Petitioner to be seen in full body armor. (ECF No. 1 at 6.)

extent of the relationship that [trial counsel] had with the victim's family prior to his representation of [Petitioner]." (ECF No. 42 at 10.)

Petitioner also argues here that the Magistrate Judge incorrectly applied the summary judgment standard.[5] Petitioner claims that he "has stated the ineffectiveness of his court-appointed public defender and the perceived motives behind his actions and inactions. At this juncture, that is all a [p]etitioner need provide to avoid summary judgment." (*Id.* at 11.) Petitioner's assertion is incorrect, however. As the Magistrate Judge correctly stated, "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (ECF No. 26 at 7 (citing Fed. R. Civ. P. 56).)

The Court finds that the Magistrate Judge properly applied this standard to Respondent's motion for summary judgment. He discussed the merits of Petitioner's ineffective assistance of counsel claims that were not procedurally defaulted and correctly found that Petitioner had failed to demonstrate any genuine issues of material fact. Contrary to Petitioner's assertion, he is not merely required to "state the

---

[5] Petitioner also vaguely argues that he has established "good cause" for the procedural default of his claims, citing inapplicable case law in support. (ECF No. 42 at 12.) He first cites *Rhines v. Weber*, 544 U.S. 269, 274 (2005), in which the United States Supreme Court found that a federal habeas case may be stayed and held in abeyance where petitioner had filed a "mixed" petition containing both exhausted and unexhausted claims. The Court found that a stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Here, Petitioner does not have a mixed petition and, regardless, he offers no argument as to how he has established good cause. Thus, *Rhines* is applicable. Petitioner also cites *Carter v. State*, 362 S.E.2d 20, 21 (S.C. 1987), in which the South Carolina Supreme Court held that "[w]hen an applicant is represented on post-conviction relief by his trial counsel, there is no waiver of the issue of ineffective assistance of counsel." Here, Petitioner's trial counsel did not represent Petitioner at the PCR proceedings—*Carter* is therefore inapplicable. Accordingly, to the extent Petitioner objects that these cases support finding that his ineffective assistance of counsel claims are not procedurally defaulted, this objection is overruled.

ineffectiveness of [trial counsel]." (ECF No. 42 at 11.) Rather, Petitioner must demonstrate that a genuine issue of material fact exists as to each of his ineffective assistance of counsel claims. He failed to do so, and the Magistrate Judge therefore appropriately granted summary judgment for Respondent.

The basis of Petitioner's request for limited discovery and an evidentiary hearing is also without merit. The additional testimony he expects to offer does not indicate the existence of a genuine issue of material fact. Further, it is unclear why such testimony was not originally offered in response to the motion for summary judgment. Petitioner has failed to demonstrate any compelling need for discovery. The Magistrate Judge properly addressed Petitioner's claim that trial counsel's prior representation of Staples created a conflict of interest—further discovery on this issue is unnecessary. This objection is therefore overruled.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 13) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**


/s/ Bruce Howe Hendricks
United States District Judge

March 8, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.